<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRUCESTAN T. JORDAN, | : | |
| | : | Civil Action No. 08-6088 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| EDMOND C. CICCHI, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Brucestan T. Jordan
Middlesex County Adult Correction Center
P.O. Box 266
New Brunswick, NJ 08903

**THOMPSON,** District Judge

Plaintiff Brucestan T. Jordan, a prisoner confined at Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This Court has previously entered an Order [7] granting Plaintiff leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. §1915(a).

At this time, the Court must review the Amended Complaint [9] to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  UNDERLINE BACKGROUND

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that after a non-contact visit on July 25, 2008, he was subjected to a strip search without probable cause. He alleges that he was searched in an area that had no cameras or other witnesses.  He alleges that he was strip searched for the sexual gratification of the officers.  He also alleges that, during the course of the search, an officer "vigorously stomped" on Plaintiff.  Plaintiff alleges that he was deprived of his right not to be subjected to unreasonable searches and seizures and that excessive force was used against him.

Plaintiff alleges that he was then sent to "lockup" and was denied access to the law library for a period of seven days. Plaintiff alleges that at the time he was sent to "lockup," he was preparing his oral argument in connection with a criminal appeal, pending in the U.S. Court of Appeals for the Sixth Circuit.  The appeal was denied.  See United States v. Jordan, No. 07-5696 (6th Cir.).[1]  The Court construes this as an

_____

[1] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah

2

allegation that he was denied his constitutional right of access to the courts.

Plaintiff alleges that he pursued an administrative remedy which was denied by claims representative Casey Grouser of Inservco Insurance Services Incorporated, who received their "authority" from Pennsylvania National Mutual Casualty Insurance Company and Westport Insurance Corporation, on the grounds of qualified immunity.  Plaintiff alleges that the denial of his claim was a violation of his rights under 42 U.S.C. §§ 1985 and 1986.

Finally, Plaintiff alleges, in shotgun fashion, "failure to train, supervise, failure to investigate, unlawful detention."

Plaintiff names as defendants Acting Warden Edmond C. Cicchi, the County of Middlesex, Middlesex County Adult Correction Center, the New Jersey Department of Corrections, Inservco Insurance Services Incorporated, Pennsylvania National Mutual Casualty Insurance Company, Westport Insurance Corporation, and claim representative Casey Grouser.  Plaintiff seeks compensatory and punitive damages.[2]

_____

Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[2] The Amended Complaint contains a "Notice of Conditions" that purports to state that anybody who "denies, dismisses, or refuses" the Amended Complaint is agreeing to pay Plaintiff fifty

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

This Court must dismiss, at the earliest practicable time, certain <u>in</u> <u>forma</u> <u>pauperis</u> and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2) (<u>in</u> <u>forma</u> <u>pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d

_____

million dollars.  The "Notice of Conditions" purports to impose upon anybody who does not agree with the Amended Complaint the duty to submit a "Proof of Claim" and that failure to so file a "Proof of Claim" will place the individual "in default."  That portion of the Amended Complaint, on pages 8 and 9, following the heading "Notice of Conditions" and continuing to the date line, will be stricken as "immaterial, impertinent and scandalous."  <u>See</u> Fed.R.Civ.P. 12(f)(1).

218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary;
the statement need only 'give the defendant fair notice of what
the ... claim is and the grounds upon which it rests.'" Erickson
v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)
(citations omitted).  See also Morse v. Lower Merion School
Dist., 132 F.3d at 906 (a court need not credit a pro se
plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34
(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane
v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal
pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg
County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules
of Civil Procedure.  Rule 8(a)(2) requires that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>         (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>         (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

A.   No Vicarious Liability

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

7

omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983.  The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy."  The

second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself."  Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

Here, Plaintiff alleges that unidentified officers subjected him to an unlawful strip search, used excessive force against him, and denied him access to the law library all in violation of his constitutional rights.  Yet Plaintiff names none of these officers as defendants, asserting his claims instead against Acting Warden Edmond C. Cicchi, the County of Middlesex, Middlesex County Adult Correction Center, and the New Jersey Department of Corrections.  No facts are alleged that would suggest personal involvement or policymaking by any of these individuals or entities that would subject them to liability. Accordingly, the claims against Acting Warden Edmond C. Cicchi and the County of Middlesex will be dismissed without prejudice.

In addition, any claims against the New Jersey Department of Corrections must be dismissed with prejudice.  The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

Finally, all claims against the Middlesex County Adult Correction Center must be dismissed with prejudice. A jail is not a "person" amenable to suit under 42 U.S.C. § 1983. See

Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E. D. Va. 1992) (local jail not a "person" under § 1983); Vance v. County of Santa Clara, 928 F. Supp. 993, 995 (N.D. Cal. 1996) (county department of corrections is an agency of the county and cannot be sued separately from the county under § 1983); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (county department of corrections not a suable entity separate from the county).

B.   The Access to Courts Claim

In addition to the failure to name as a defendant any officer involved in the alleged denial of access to the law library, the "access to courts" claim is otherwise deficient.

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights. Procunier v.

Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).

There is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.  ...  [T]he inmate therefore must go one step further and

12

demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

In addition, one alternative for providing prisoners meaningful access to the courts is the provision of counsel.  See e.g., Bounds, 430 U.S. at 828 (approving the provision of "adequate assistance from persons trained in the law"); Rauso v. Zimmerman, 2006 WL 3717785, *4 (M.D. Pa. 2006) (collecting cases); Pressley v. Johnson, 2006 WL 2806572, *5 (W.D. Pa. 2006) (collecting cases).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury."  See Lewis, 518 U.S. at 348-55 and n.3 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

Here, review of the docket of Plaintiff's criminal appeal in the U.S. Court of Appeals for the Sixth Circuit reveals that Plaintiff was represented by counsel and that his counsel

13

appeared and argued at the oral argument.  In addition, Plaintiff alleges that the oral argument was impaired by his seven-day lack of access to the law library in late July and early August of 2008.  The oral argument, however, took place on September 16, 2008, and briefing had concluded in February 2008.  Plaintiff does not allege any facts explaining how his seven-day lack of access to the prison law library impaired his appellate oral argument more than a month later.  Accordingly, the "access to courts" claim will be dismissed with prejudice.

C.  <u>Claims Against Insurance Companies and Claim Representative</u>

Plaintiff alleges that claim representative Casey Grouser and the insurance companies Inservco Insurance Services Incoporated, Pennsyvlania National Mutual Casualty Insurance Company, and Westport Insurance Corporation violated 42 U.S.C. §§ 1985 and 1986 when they denied his claim for compensation for the activities described in the Amended Complaint.  Plaintiff does not otherwise explain his reliance on §§ 1985 and 1986.

Section 1985 provides, in relevant part:

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ...  the person so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

14

42 U.S.C. § 1985(3).

> To state a claim under § 1985(3), one must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 829 (1983).  With respect to the second element, the conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Thus, in order to state a claim, there must be factual allegations suggesting some racial or otherwise invidiously discriminatory animus behind the alleged conspirators' actions. See Kush v. Rutledge, 460 U.S. 719, 724-26 (1983).  No such allegations are set forth in the Complaint.

In addition, Plaintiff fails to allege any facts sufficient to set forth a claim of conspiracy.  In 2007, the Supreme Court addressed the question of what a plaintiff must plead in order to state a conspiracy claim under § 1 of the Sherman Act.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-66 (2007).  The Court first reviewed historical pleading requirements.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give

15

the defendant fair notice of what the ... claim is and
the grounds upon which it rests." While a complaint
attacked by a Rule 12(b)(6) motion to dismiss does not
need detailed factual allegations, a plaintiff's
obligation to provide the "grounds" of his
"entitle[ment] to relief" requires more than labels and
conclusions, and a formulaic recitation of the elements
of a cause of action will not do, see Papasan v.
Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d
209 (1986) (on a motion to dismiss, courts "are not
bound to accept as true a legal conclusion couched as a
factual allegation"). Factual allegations must be
enough to raise a right to relief above the speculative
level, on the assumption that all the allegations in
the complaint are true (even if doubtful in fact).

Twombly, 127 S.Ct. at 1964-65 (citations and footnote omitted).

The Court then applied these general standards to the Sherman Act

conspiracy claim.

In applying these general standards to a § 1
[conspiracy] claim, we hold that stating such a claim
requires a complaint with enough factual matter (taken
as true) to suggest that an agreement was made. Asking
for plausible grounds to infer an agreement does not
impose a probability requirement at the pleading stage;
it simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence of
illegal agreement. And, of course, a well-pleaded
complaint may proceed even if it strikes a savvy judge
that actual proof of those facts is improbable, and
"that a recovery is very remote and unlikely." In
identifying facts that are suggestive enough to render
a § 1 conspiracy claim plausible, we have the benefit
of the prior rulings and considered views of leading
commentators, already quoted, that lawful parallel
conduct fails to bespeak unlawful agreement. It makes
sense to say, therefore, that an allegation of parallel
conduct and a bare assertion of conspiracy will not
suffice. Without more, parallel conduct does not
suggest conspiracy, and a conclusory allegation of
agreement at some unidentified point does not supply
facts adequate to show illegality. Hence, when
allegations of parallel conduct are set out in order to
make a § 1 claim, they must be placed in a context that
raises a suggestion of a preceding agreement, not

16

merely parallel conduct that could just as well be
independent action.

The need at the pleading stage for allegations
plausibly suggesting (not merely consistent with)
agreement reflects the threshold requirement of Rule
8(a)(2) that the "plain statement" possess enough heft
to "sho[w] that the pleader is entitled to relief."  A
statement of parallel conduct, even conduct consciously
undertaken, needs some setting suggesting the agreement
necessary to make out a § 1 claim; without that further
circumstance pointing toward a meeting of the minds, an
account of a defendant's commercial efforts stays in
neutral territory.  An allegation of parallel conduct
is thus much like a naked assertion of conspiracy in a
§ 1 complaint: it gets the complaint close to stating a
claim, but without some further factual enhancement it
stops short of the line between possibility and
plausibility of "entitle[ment] to relief."

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the

context of a § 1983 civil rights action, that the Twombly

pleading standard applies outside the § 1 antitrust context in

which it was decided.  See Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

Twombly so narrowly as to limit its holding on plausibility to

the antitrust context").

Context matters in notice pleading.  Fair notice under
Rule 8(a)(2) depends on the type of case -- some
complaints will require at least some factual
allegations to make out a "showing that the pleader is
entitled to relief, in order to give the defendant fair
notice of what the ... claim is and the grounds upon
which it rests."  Indeed, taking Twombly and the
Court's contemporaneous opinion in Erickson v. Pardus,
127 S.Ct. 2197 (2007), together, we understand the
Court to instruct that a situation may arise where, at
some point, the factual detail in a complaint is so
undeveloped that it does not provide a defendant the

17

type of notice of claim which is contemplated by
Rule 8.  Put another way, in light of <u>Twombly</u>, Rule
8(a)(2) requires a "showing" rather than a blanket
assertion of an entitlement to relief.  We caution that
without some factual allegation in the complaint, a
claimant cannot satisfy the requirement that he or she
provide not only "fair notice," but also the "grounds"
on which the claim rests.

<u>Phillips</u>, 515 F.3d at 232 (citations omitted).

Here, Plaintiff's conclusory allegation of "conspiracy,"
based solely upon the denial of an administrative claim for
damages, amounts to nothing more than allegations of "parallel
conduct," if that, without any allegations of facts suggesting a
preceding meeting of the minds among the alleged conspirators.
For this reason, also, the Complaint fails to state a claim under
§ 1985(3).  This claim will be dismissed without prejudice.

Section 1986 provides, in pertinent part:

Every person who, having knowledge that any of the
wrongs conspired to be done, and mentioned in section
1985 of this title, are about to be committed, and
having power to prevent or aid in preventing the
commission of the same, neglects or refuses so to do,
if such wrongful act be committed, shall be liable to
the party injured, or his legal representatives, for
all damages caused by such wrongful act, which such
person by reasonable diligence could have prevented;
and such damages may be recovered in an action on the
case; and any number of persons guilty of such wrongful
neglect or refusal may be joined as defendants in the
action ... .

42 U.S.C. § 1986.

Plaintiff has failed to state a claim under § 1985.
Accordingly, he fails to state a § 1986 claim.  <u>See</u> <u>Koorn v.</u>
<u>Lacey Twp.</u>, 78 Fed. Appx. 199, 208 (3d Cir. 2003) (citing <u>Mian v.</u>

Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d
Cir. 1993)); Grimes v. Smith, 776 F.2d 1359, 1363 n.4 (7th Cir.
1985).  Therefore, this claim will be dismissed without
prejudice.

V.  CONCLUSION

For the reasons set forth above, the Complaint will be
dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
1915A(b)(1), for failure to state a claim.[3]  However, because it
is conceivable that Plaintiff may be able to supplement his
pleading with facts sufficient to overcome certain deficiencies
noted herein, the Court will grant Plaintiff leave to file a
motion for leave to re-open accompanied by a proposed second
amended complaint.[4]

---

[3] The Court notes that "'[g]enerally, an order which
dismisses a complaint without prejudice is neither final nor
appealable because the deficiency may be corrected by the
plaintiff without affecting the cause of action.' ...  The
dispositive inquiry is whether the district court's order finally
resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d
Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951
(3d Cir. 1976)) (other citations omitted).  In this case, if
Plaintiff can correct the deficiencies of his Amended Complaint,
he may file a motion to re-open these claims in accordance with
the court rules.

[4] Plaintiff should note that when an amended complaint is
filed, the original complaint no longer performs any function in
the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically
incorporated in the new [complaint]."  6 Wright, Miller & Kane,
Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes
omitted).  An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and

An appropriate order follows.


                                        s/ Anne E. Thompson
                                        Anne E. Thompson
                                        United States District Judge

Dated: June 16, 2009

---

explicit.  <u>Id.</u>  To avoid confusion, the safer course is to file
an amended complaint that is complete in itself.  <u>Id.</u>