NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Brucestan T. JORDAN,<br><br>        Plaintiff,<br><br>v.<br><br>Edmond C. CICCHI, et al.,<br><br>        Defendants. | Civ. No. 08-6088 |
| Brucestan T. JORDAN,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>        Defendants. | Civ. No. 10-4398<br><br>MEMORANDUM and ORDER |

THOMPSON, U.S.D.J.

      This matter has come before the Court by way of numerous motions filed by Plaintiff Brucestan T. Jordan ("Plaintiff"). The Court has decided these pending motions upon consideration of all of the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's motions will be denied.

      There are currently pending before this Court two cases in which Jordan is the sole Plaintiff. The substance of each of these cases is similar in nature; both cases deal with alleged constitutional violations by certain state actors and others involved in the New Jersey state criminal justice system. Plaintiff has filed an "Emergency Motion" for a Preliminary Injunction pursuant to Fed R. Civ. P. 65(a) under both of the above-captioned cases [08-cv-6088 docket # 63; 10-cv-4398 docket # 24]. These motions are identical in substance. In addition, Plaintiff has

1

filed under each of the above captioned cases what he has fashioned as a Motion to Supplement the Pleadings, but what is in actuality supplemental briefing to Plaintiff's Motions for a Preliminary Injunction, [08-cv-6088 # 64; 10-cv-4398 # 25].

In Plaintiff's Motions for Preliminary Injunction, he seeks to have this Court issue a Temporary Restraining Order (TRO) against Defendants Edmond Cicchi, Officer Nortesane, and Bradley Ferenez, as well against an "Officer Fogarty" who is not named as a Defendant in either case, barring any of these people from coming within 1,000 feet of the Plaintiff and his family members. In addition, Plaintiff is "requesting to be removed from the unlawful detainment in Middlesex County Jail and to be released from detainment imposed by the Superior Court of New Jersey." (Pl.'s Br. 1).

Plaintiff has a long history of litigating against the named Defendants in the federal courts. He has repeatedly tried to get this Court to interfere with ongoing state criminal proceedings against him. For example, Plaintiff raised similar claims to those that he presses now in *Jordan v. Superior Court of New Jersey*, 09-cv-3187, and he earlier petitioned this Court for a writ of mandamus seeking to have the Court intervene in the same state court proceedings, a request that this Court recently rejected, (*see* Order of Dec. 12, 2011) [10-cv-4398 # 17]. These pending motions are only Plaintiff's latest attempt to get this Court to do what it has repeatedly indicated that it will not do—i.e., interfere with his state prosecution.

As an initial matter, the Plaintiff does not have standing to request the relief sought as that relief relates to his family members. *See generally Lujan v. Defenders of Wildlife* 504 U.S. 555, 561 (1992) (plaintiff must suffer "injury in fact"). Therefore, issuing any sort of restraining order against the parties as it relates to Plaintiff's sister or other family members would be inappropriate, and this Court is without jurisdiction to issue such an order.

Next, under the Supreme Court of the United State's decision in *Younger v. Harris*, 401 U.S. 37 (1971), a district court should not interfere with state court criminal proceedings absent extraordinary circumstances not present in this case. "[T]he *Younger* doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Kendall v. Russell*, 572 F.3d 126, 131 (3d Cir. 2009). All three of these requirements are met here. First, there is an ongoing criminal prosecution of the Defendant. Second, a state enforcing its criminal code inherently implicates important state interests. Lastly, Plaintiff has the opportunity to raise any defense in his criminal case that he raises in this pending motion. Moreover, there are no extraordinary circumstances that would justify federal interference. Although Plaintiff fashions his request for relief as a protective order, his ultimate goal is to prevent his prosecution in state court. This Court, however, will not interfere.

In regards to any claims seeking a temporary injunction against any prison officials, Plaintiff is not likely to prevail on the merits of that claim. Plaintiff complains that he was placed naked in a cell used for prisoners who are a suicide risk after he refused a required "TB shot" by prison officials. As Plaintiff readily admits, when the required TB shot is refused, prison procedure mandates medical isolation until a proper alternative procedure is performed. (Pl.'s Br. 4). It is well-established that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Moreover, a prison sentence "carries with it the circumspection or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). Thus, Plaintiff is extremely unlikely to prove that placing him in a protective cell was in any

way unconstitutional. Once placed in this suicide cell, Plaintiff also claims that "Office Fogarty used excessive force by twisting the undersigned['s] arm and shoving him into the wall. Defendant Nortesane shoved the undersigned['s] head into a half metal half glass window, injuring and cutting his nose, leaving a huge scar on the left side of his nose." (Pl.'s Br. 5). Plaintiff, however, has provided no proof of his alleged injury other than his un-notarized affidavit in which he swears to the veracity of the claims he makes in his moving papers. This, however, is insufficient evidence to justify the extraordinary remedy of a preliminary injunction. Therefore, Plaintiff has not shown a reasonable probability of success on the merits and preliminary relief is inappropriate.

Finally, as repeatedly pointed out to the Plaintiff, "[t]o the extent that Plaintiff might seek release, such release is not cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his confinement is a petition for a writ of habeas corpus." (Op. of Dec. 12, 2011, at 5 (quoting Op. of Mar. 1, 2011, at 7, in turn citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))). Therefore, Plaintiff's final request for relief cannot be granted on this motion for a preliminary injunction.

For these reasons, it is on this 9th day of February, 2012

ORDERED that Plaintiff's Motion for a Preliminary Injunction [08-cv-6088 docket # 63] is DENIED; and it is

ORDERED that Plaintiff's Motion for a Preliminary Injunction [10-cv-4398 docket # 24] is DENIED; and it is

ORDERED that Plaintiff's Motion to Supplement the Pleadings [08-cv-6088 docket # 64] is DENIED; and it is

ORDERED that Plaintiff's Motion to Supplement the Pleadings [10-cv-4398 docket # 25] is DENIED.

                                        */s/ Anne E. Thompson*
                                        ANNE E. THOMPSON, U.S.D.J.