<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Brucestan T. JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> Edmond C. CICCHI, et al., <br><br> Defendants. | Civ. No. 08-6088 |
| Brucestan T. JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civ. No. 10-4398 <br><br> MEMORANDUM and ORDER |

<u>THOMPSON, U.S.D.J.</u>

This matter has come before the Court on Plaintiff Brucestan T. Jordan's Motion to Alter and Amend Judgment [10-cv-4398 docket # 33; 08-cv-6088 docket # 67] brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff asks this Court to reconsider its Opinion of February 9, 2012 [32], in which the Court rejected several identical motions filed in both of the above-captioned cases. Specifically, the Court held that Plaintiff: (1) did not have standing to obtain a temporary restraining order on behalf of his relatives; (2) that the *Younger* abstention doctrine prevented this Court from interfering with Plaintiff's state prosecution; (3) that Plaintiff had not shown a likelihood of success on the merits of his motion for a preliminary injunction; and (4) that Plaintiff's request to be relieved from his sentence was not cognizable under 42 U.S.C. § 1983. (Op. of Feb. 9, 2012, at 2–4) [10-cv-4398 docket # 32; 08-cv-6088

1

docket # 66]. Plaintiff asks this Court to reconsider only its denial of Plaintiff's motion for a preliminary injunction. The properly-served, remaining Defendants in each of the above-captioned cases oppose Plaintiff's pending motion for reconsideration. [10-cv-4398 docket # 35; 08-6088 docket # 70].

A motion for reconsideration is properly brought pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1. There are three bases on which such a motion may be brought: (1) an intervening change in controlling law; (2) evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration is not a vehicle for raising new matters or arguments that could have been raised before the original decision was made, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), nor is it an opportunity to ask a court to rethink what it has already thought through. *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Reconsideration based on a clear error of law may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

Plaintiff first contends that this Court erred in holding that Plaintiff had not shown a likelihood of success on the merits. He raises three separate arguments: (1) the United States Court of Appeals for the Third Circuit has already held that Plaintiff has a likelihood of success on the merits and such a holding is binding on this Court; (2) Defendants have failed to state the reason why Plaintiff was placed on suicide watch and released the next day; and (3) Plaintiff

cannot have direct proof that Defendants withheld his legal mail, therefore making it impossible to show a likelihood of success.[1] (Pl.s' Br., at 3–4) [33]. All of these arguments fail.

Plaintiff's first argument confuses the standard for properly stating a claim for relief with the standard of showing a likelihood of success on the merits. In its Opinion of May 20, 2011, the Third Circuit held that Plaintiff had properly pled a valid cause of action that his Eighth Amendment rights were violated when several Defendants in the action filed under case number 08-cv-6088 strip-searched Plaintiff after a non-contact visit with a relative. *See Jordan v. Cecchi*, 428 F. App'x 195, 199–200 (3d Cir. 2011). The Third Circuit held only that Plaintiff had met the appropriate pleading standard, not that he had shown a likelihood of success on the merits. *Id.* Regardless, the alleged acts discussed by the Third Circuit concerned a different set of facts than what this Court addressed in its February 9th Opinion. In its February 9th Opinion, this Court discussed an incident in which Plaintiff was stripped, allegedly beaten, and placed in a protective cell after he refused a required "TB shot." (*See* Op. of Feb. 9, 2012, at 3–4).

Plaintiff's second argument similarly confuses the appropriate standard in this case. In seeking a preliminary injunction, the burden is on the moving party—in this case Plaintiff—to show that there is a likelihood of success on the merits. *See, e.g.*, *N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, No. 10-4551, 2012 U.S. App. LEXIS 130, at *12 (3d Cir. Jan. 5, 2012) (quoting *Crissman v. Dover Downs Entm't Inc.*, 239 F.3d 357, 364 (3d Cir. 2001)). Defendants have no burden to satisfy, and therefore the Defendants' failure to provide a justification for their actions at this stage of the litigation is irrelevant.

The third argument raised by Plaintiff is unrelated to this Court's February 9th Order. He argues that he cannot have direct proof that Defendants withheld his legal mail. It appears to the

---

[1] Plaintiff also argues that he misspelled several Defendant's names because "every time he seen [*sic*] these officers he was being beat to a pulp and/or tortured." (Pl.'s Br., at 5). The Court fails to see the relevance of this, as the Court did not rely on the misspelling of a Defendant's name in denying Plaintiff's prior motions.

Court that this argument relates to a previous Order issued under case number 10-cv-4398 on December 19, 2012 [10-4398 docket # 17].  A motion for reconsideration as it relates to the December 19th Order is made out of time.[2]  *See* Fed. R. Civ. P. 59(e) (motion must be made no later than 28 days after entry of order); L. Civ. R. 7.1(i) (motion for reconsideration must be filed within 14 days after entry of the order).  Furthermore, the Court permitted Plaintiff's access-to-the-courts claim to move forward in its Order of December 19, 2011, (*see* Order of Dec. 19, 2012, at 1), so it is unclear why Plaintiff is making this argument.

      Plaintiff's other arguments concern the additional factors relevant to issuing an order for a preliminary injunction.  The Court did not reach these issues in its February 9th Order but instead relied on the fact that Plaintiff had not shown a likelihood of success on the merits in denying his request for a preliminary injunction. (*See* Op. of Feb. 9, 2012, at 3–4).  Because the finding that Plaintiff had not established a likelihood of success on the merits was not a clear error of law, and because this alone is sufficient to uphold this Court's Order of February 9, 2012, these other arguments raised by Plaintiff need not be addressed.

      For the foregoing reasons, and for good cause shown,

      IT IS on this 30th day of March, 2012,

      ORDERED that Plaintiff's motion for reconsideration [10-cv-4398 docket # 33; 08-cv-6088 docket # 67] is DENIED.

                                                          */s/ Anne E. Thompson*
                                                         ANNE E. THOMPSON, U.S.D.J.

---

[2] The Court does note that there is another pending motion in case number 10-cv-4398 that seeks reconsideration of the December 12th Opinion and Order [10-4398 docket # 20].