NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Brucestan T. JORDAN,

        Plaintiff,

v.

Clint P. GILES, et al.,

        Defendants.

Civ. No. 08-6088

OPINION

THOMPSON, U.S.D.J.

    This matter appears before the Court on Plaintiff's motion to strike Defendants' motion for summary judgment and Defendants' response regarding that motion. (Doc. No. 123). Plaintiff also moves in the alternative for an extension of time to file a response. (*Id*.). The Court has decided the motions based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the motions are denied.

BACKGROUND

    The factual and procedural background for this case is set out in detail in this Court's Opinion on the motion for summary judgment, (Doc. No. 118), issued on this same day.

    In the present motion, Plaintiff states that Defendants "submitted and supported their pleadings with fabricated evidence." (Doc. No. 123 at 1). Plaintiff claims that Defendants' Exhibit 12 is "fraudulent" because it does not accurately depict the Middlesex County Department of Adult Corrections Correction Center Inmate Guidelines that were in effect in 2008. (*Id*.). Plaintiff also claims that Defendants submitted fabricated evidence in their response

1

dated March 21, 2014 by submitting a false court transcript from a status conference on Plaintiff's case in the Superior Court of New Jersey in Essex County. (*Id.*). This transcript concerns Plaintiff's prior criminal case in which Plaintiff's competence to stand trial was an issue. (*See* Doc. No. 127, Exhibit 30). Plaintiff claims that this report, labeled Defendants' Exhibit 30, is false because he has never been to the Superior Court of Essex County, he never had a case with "the indictment number of 06-06-985," and he has "never been to a county courts building on 50 W. Market Street, Newark, N.J. 07102." (Doc. No. 123 at 1, 2). Finally, Plaintiff claims that he lacks sufficient access to legal materials and needs an extension of 30 additional days after the Court rules on his motion to strike to respond to the motion for summary judgment.[1] (*Id.* at 2).

## DISCUSSION

*1. Motion to Strike*

Under Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has "considerable discretion" in deciding a Rule 12(f) motion. *Tonka Corp. v. Rose Art Indus., Inc.,* 836 F.Supp. 200, 217 (D.N.J.1993). Motions to strike are disfavored and usually will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Road Dev. Corp. v. Carlson Corp. Ne.,* No. 89–7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990). A motion to strike is not a proper way to dismiss part of a complaint for legal insufficiency. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 391 (3d

---

[1] Plaintiff does not inform the Court as to which motion he wishes to respond. However, the motion for summary judgment is the only outstanding dispositive motion in this case.

ed.2004). Nevertheless, a court can consider an improper Rule 12(f) motion as a motion to dismiss under Rule 12(b)(6). *See Magnotta v. Leonard,* 102 F.Supp. 593, 593 (M.D.Pa. 1952).

Here, Plaintiff has not sufficiently alleged that the briefs or submissions are "redundant, immaterial, impertinent, or scandalous." *See* F.R.C.P. 12(f). In fact, Plaintiff makes no argument as to whether any of these standards are met. However, even if Plaintiff had attempted to address the requirements of the rule, Plaintiff has also not shown that either Exhibit 12 or 30 were fraudulent, false, or irrelevant.

Plaintiff's arguments regarding Exhibit 12 fail for the following reasons. First, Plaintiff relies solely on his own statement in arguing that this Exhibit is false. However, it appears Plaintiff has no direct or personal knowledge of the regulations in effect in 2008. *See Napier v. City of New Castle*, 407 Fed. Appx. 578, 584 n. 6 (3d. Cir. 2010). Second, Plaintiff's Exhibit B, which he contends is the true and accurate copy of the regulations, is uncertified. On the other hand, Defendants have submitted certifications concerning the authenticity of their Inmate Guidelines. (Doc. No. 127 at 4).

Next, Plaintiff's arguments regarding Exhibit 30 fail for similar reasons. Though Plaintiff contends that he was never involved in the criminal case in Essex County, Defendants have submitted certifications along with a copy of the court transcript regarding that case. (Doc. No. 122; Doc. No. 71; Exhibit 30; Certification of Danielle Abouzeid). Plaintiff supplies the Court with no evidence other than his own allegations to counter these certified submissions.

2. *Extension of Time*

Plaintiff states that he "does not have adequate access to legal materials at the current facility." (Doc. No. 123 at 2). Plaintiff requests "an extension for his response with a due date set for 30 days after the court has ruled on this Motion to Strike." (*Id.*). Plaintiff has already

filed his response to the summary judgment motion at issue in this case, (Doc. No. 114); therefore, the Court denies the request for an extension of time.

## CONCLUSION

For the reasons set forth above, the motions are denied.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: 5/12/14